**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Shundric Loyd,

     Plaintiff(s),

v.

Judge Forsberg, et al.,

     Defendant(s).

Case No. 2:26-cv-00377-GMN-NJK

**Order**

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 4.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has been shown to be "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Courts have broad discretion in deciding whether a plaintiff has sufficiently shown an inability to pay the filing fee. *See Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While an applicant need not be absolutely destitute to qualify for a waiver of fees, the applicant must demonstrate an inability to pay those fees while still providing for the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Courts may look beyond an *in forma pauperis* application to determine an applicant's true financial condition." *Olteanu v. Schneider*, 2025 U.S. Dist. Lexis 108918, at *7 (D. Nev. May 6, 2025), *adopted*, 2025 U.S. Dist. Lexis 107749 (D. Nev. June 5, 2025). Courts possess discretion to make a factual inquiry into the allegation of poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff here indicates that he is unemployed, has up to $2,000 in annual income from side jobs, has zero money in cash or banking accountings, has no assets, and has no regular monthly expenses. Docket No. 1 at 1-2. As explained by United States Magistrate Judge Elayna J.

1

Youchah, there is reason to doubt the accuracy of this recitation of Plaintiff's financial situation: "An individual cannot live on zero dollars, which is what Plaintiff professes.  Even if an applicant has no loan payments, gas, electric, food, and other necessities of life are not free." *Tiffany v. Cannon*, 2023 WL 2876828, at *1 (D. Nev. Mar. 16, 2023).  In short, the financial picture provided by Plaintiff is a logistical impossibility.

In light of the above, the Court **DENIES** without prejudice the application to proceed *in forma pauperis*.  No later than March 18, 2026, Plaintiff must either (1) pay the filing fee or (2) seek *in forma pauperis* status by completing and filing the long form application.  If Plaintiff chooses the latter course, he must ensure that all questions are answered completely and accurately.  If Plaintiff maintains therein the same financial information that is currently before the Court, he must answer question 11 with a detailed explanation as to how he pays his bills or otherwise maintains the necessities of life.  Failure to comply with this order may result in a recommendation of dismissal.

The Court **INSTRUCTS** the Clerk's Office to send Plaintiff the approved long form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS SO ORDERED.

Dated: February 25, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2